IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. ZARTLER | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 12-6152 |
| | : | |
| MS. CAREN BRYANT, et al. | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

LYNNE A. SITARSKI                                                          DATE: September 30, 2013
UNITED STATES MAGISTRATE JUDGE

      Presently before the Court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by Kenneth J. Zartler, a Pennsylvania prisoner. Respondents have submitted a Motion to Stay Pending Habeas Corpus Action. (Doc. No. 12). For the reasons that follow, I respectfully recommend that Respondents' motion be **GRANTED**, and the petition **STAYED AND HELD IN ABEYANCE** until Petitioner's state court proceedings have concluded.

### I.    FACTS AND PROCEDURAL HISTORY

      On September 1, 2010, Petitioner pled guilty to charges of failing to verify his address as required by the Pennsylvania sexual offender registration statute, 18 Pa. Cons. Stat. § 4915.1(a)(2). (Doc. Nos. 10-4, at 4; 10-6, at 2-3.) Petitioner did not file a direct appeal. Therefore, his judgment of sentence became final on October 1, 2010. *See* 28 U.S.C. § 2244(d)(1)(A).

      On August 30, 2011, Petitioner filed a timely *pro se* petition under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* Appointed counsel subsequently filed an amended petition, which is now pending in the Court of Common Pleas.

On October 27, 2012, Petitioner filed the present *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It appears that all of the claims that Petitioner raises in his habeas petition are under review in state court.

Respondents now move to stay the petition pending completion of Petitioner's PCRA proceedings. (Doc. No. 12.) Petitioner, through counsel appointed to represent him in this habeas case, joins in this request.

## II. DISCUSSION

One of the threshold requirements for a § 2254 petition is that the petitioner must first exhaust in state court all of the claims he wishes to present in federal court. 28 U.S.C. § 2254(b)(1). When a district court is faced with a petition containing unexhausted claims, the court may dismiss it pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982), or the court may stay it instead, holding it in abeyance while the petitioner exhausts any unexhausted claims in state court. *See Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009). A court may issue a stay where: (1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). While the Supreme Court has cautioned that stay-and-abeyance procedures should be used only in "limited circumstances," *id. at 277*, the Third Circuit Court of Appeals has made clear that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004).

In this case, both parties urge the Court to stay the habeas action because there is a

2

danger that, if the Court were to dismiss the petition instead, Petitioner would not be able to file a subsequent habeas petition in time. Respondents explain that Petitioner has only thirty-two days remaining on his federal limitations period, *see* 28 U.S.C. § 2244(d)(1)(A), and that, if the state court does not quickly inform him of the disposition of his PCRA petition or appeal, or if the mail is delayed in getting to the prison, or if the mail is delayed *within* the prison, then a subsequent habeas petition might well be time-barred.

Under these circumstances, I agree that *Crews* counsels in favor of a stay in this case while Petitioner exhausts his claims in state court. Furthermore, although the parties do not address the *Rhines* factors in their briefs, I find that their request for a stay is based on a well-founded concern that dismissal would work to practically prevent Petitioner from later re-filing a timely habeas petition. *See Gillette v. Cameron,* No. 11-1838, 2012 WL 928696, at * 4 (M.D. Pa. Mar. 19, 2012) (finding that Petitioner had shown good cause for a stay because "having only one month to file is cutting it too close, especially in light of the sort of issues that can arise within the prison system as to legal mail, logistics, and access to legal materials). Moreover, Respondents do not contend that Petitioner's claims are plainly meritless, and the record contains no indication that Petitioner has engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278.

Accordingly, I recommend that the instant habeas petition be placed in suspense. I also recommend that Petitioner be directed to notify the District Court within thirty days of the conclusion of his state court proceedings. At that time, Petitioner shall provide a written status report, detailing the conclusion of his state court exhaustion efforts, and include a copy of the relevant state court disposition. *See id.* at 277 (cautioning that a petition "should not be stayed

indefinitely"). Petitioner should also be directed to inform the District Court whether the state court proceedings impacted his habeas petition in any way.

Therefore, I respectfully make the following:

# R E C O M M E N D A T I O N

AND NOW, this  30th  day of September, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be STAYED and held in ABEYANCE while Petitioner litigates his PCRA petition in the state courts.  It is FURTHER RECOMMENDED that the District Court direct Petitioner to notify the District Court within thirty days of the conclusion of his state court proceedings.  At that time, Petitioner shall provide a written status report detailing the conclusion of his state court exhaustion efforts, and include a copy of the relevant state court disposition.  Petitioner should also be directed to inform the District Court whether the state court proceedings impacted his habeas petition in any way.

Petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE